**In the Matter of Arthur GERSHEN-BAUM, Bankrupt.**

**Appeal of Arthur GERSHENBAUM.**

**No. 78–2454.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 27, 1979.

Decided April 26, 1979.

Harvey L. Weiss, Stern & Weiss, Maplewood, N.J., for appellant.

Goldhor, Messkin & Ziegler, Henry Goldhor, Hillside, N.J., for appellee.

Before ALDISERT, GARTH and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

The issue presented on this appeal is whether a bankruptcy court, prior to the time that the bankruptcy case has been closed, may deny an application made by the bankrupt to amend his petition. We hold that, in the circumstances of this case, Bankruptcy Rule 110[1] *required* the bankruptcy court to allow an amendment listing an additional creditor. We therefore reverse the district court, which refused to permit the amendment.

### I

The plaintiff, Arthur Gershenbaum, filed a voluntary petition in bankruptcy on August 23, 1976. In his petition, Gershenbaum stated that he had assets which were worth approximately $1,000 and debts which exceeded $509,000. He was adjudged bankrupt on September 14, 1976. A Trustee was appointed, and the first creditors' meeting was then held on January 4, 1977, at which time an order discharging Gershenbaum as a bankrupt was entered by the court.

On March 6, 1978, Sol Brown brought an action in the Superior Court of New Jersey, claiming that $10,000 was due and owing to him under two promissory notes made by Gershenbaum in 1964 and a loan made to Gershenbaum in 1969. In his answer, Gershenbaum raised both the statute of limitations and his discharge in bankruptcy as affirmative defenses. He then moved for summary judgment on the ground that

Brown's claim was barred by the statute of limitations. His motion was denied.

Gershenbaum next made an application to the bankruptcy court to amend his original petition in bankruptcy. Gershenbaum admitted that Brown had not been listed as a creditor in the petition, and he asked that the petition now be amended to reflect his debts to Brown.

The bankruptcy court denied Gershenbaum's application by its order of June 22, 1978, denying the application. Gershenbaum appealed to the district court, which dismissed his appeal in an order filed on September 22, 1978.[2]

### II

The district court concluded that the bankruptcy court has discretion to grant or to deny leave to amend a petition in bankruptcy. Finding that Gershenbaum had not set forth facts revealing an abuse of discretion by the bankruptcy court, it affirmed. If the Bankruptcy Rules placed amendments within the discretion of the bankruptcy court, we might be persuaded to affirm the district court's order. But Rule 110 provides that a petition may be amended by the bankrupt "as a matter of course at any time before the case is closed," and therefore we must reverse.

### A

Prior to 1973, amendments to bankruptcy petitions were governed by General Order 11.[3] That rule provided that "the court *may* allow amendments" (emphasis added),

---

**1.** Rule 110. Amendments of Voluntary Petitions, Schedules, and Statements of Affairs. A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended. Every amendment under this rule shall be filed in the same number as required of the original paper, and the court shall give notice of the amendment to such persons as it may designate.

**2.** The district court's order of September 22, 1978 recites that "the appeal . . . is dismissed." In light of the record, we assume that

the district court by that order intended to affirm the order of the bankruptcy court.

**3.** General Order 11 provided:

11—Amendments

The court may allow amendments to the petition and schedules on application of the petitioner. Amendments shall be printed or written, signed and verified, like original petitions and schedules, and filed in triplicate. If amendments are made to separate schedules, the same must be made separately, with proper references. In the application for leave to amend, the petitioner shall state the cause of the error in the paper originally filed.

and it further required the bankrupt to explain the cause of the error in the petition as it was originally filed. It thus gave the bankruptcy court substantial discretion to deny an amendment for which good cause had not been shown. Some courts held that new creditors ordinarily could not be added to the petition by amendment after the first creditors' meeting had been held. *See* 1A Collier on Bankruptcy ¶ 7.12 at 996.4–996.5.

This view was not adopted in Bankruptcy Rule 110, which in 1973 superseded General Order 11 and the interpretive case law.[4] The first sentence of Rule 110 provides that:

> A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. . . .

The comment of the Advisory Committee on Bankruptcy Rules reveals that the rule was intended to end the discretion exercised by the bankruptcy courts under General Order 11:

> General Order 11, from which this rule is principally derived, has required an application for leave to amend a petition or schedule. While the first sentence of this rule [Rule 110] adopts a permissive approach to amendment of a voluntary petition, schedule, or statement of affairs, it contemplates that every amendment shall be brought to the attention of the court so that it may determine who, if anyone, should be notified of the amendment.

The Advisory Committee's comment to Rule 110 concludes by stating that a petition may be amended "to include an additional creditor".[5]

■ When the bankrupt files an application to amend a voluntary petition in bankruptcy, the court's only role under Rule 110 is to decide who should be given notice of the amendment. It does not have discre-

tion to deny leave to amend or to require a showing of good cause.

Gershenbaum's voluntary petition in bankruptcy was filed long after the date on which Rule 110 became effective,[6] and the bankruptcy court was therefore obliged to allow the amendment "as a matter of course."

### B

■ Brown contends, however, that the second sentence of Rule 110 gives the bankruptcy court discretion to deny such an amendment to the petition:

> A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. *The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended.* . . .

(emphasis supplied). Concededly, this provision appears to give the bankruptcy court some measure of discretion. Although the second sentence of the rule is not free from ambiguity and clarification by the Advisory Committee would be most helpful, we interpret this part of Rule 110 as pertaining only to amendments proposed by the court *sua sponte* or by *persons other than the bankrupt.* *See* 12 Collier on Bankruptcy ¶ 110.-02. The Note of the Advisory Committee explains that the second sentence of the rule is adapted from § 39a(3) of the Act, 11 U.S.C. § 67. That statute pertains solely to amendments made by the bankruptcy court and provides that "referees shall . . . cause . . . incomplete and defective [petitions] to be amended."

The construction of Rule 110 which we adopt today is that the first sentence of the rule (pertaining to amendments made by *the bankrupt*) allows amendments as a matter of course, whereas the second sen-

---

4. The Bankruptcy Rules governing the procedure in cases processed under Chapters I–VII became effective on October 1, 1973. The rules superseded the General Orders and the provisions of the Bankruptcy Act and interpretive case law dealing with procedure. 28 U.S.C. § 2075.

5. "If a schedule is amended to include an additional creditor, the effect on the dischargeability of the creditor's claim is governed by the provisions of § 17 of the Act (see particularly § 17a(3))."

6. *See* note 4 *supra.*

782

tence (pertaining to amendments proposed by *persons other than the bankrupt*) is subject to the discretion of the bankruptcy court.[7]

### C

Bankruptcy Rule 110 permits the bankrupt to amend his petition "at any time before the case is closed." Bankruptcy Rule 514 describes the procedure by which a case is closed:

Rule 514. Closing Cases

Whenever it appears that an estate has been administered and the court has passed upon the final account and discharged the trustee, the case shall be closed.

Here, we must assume that the administration of Gershenbaum's estate had not been completed when the order denying his amendment was entered, nor had an order closing the estate been entered. Insofar as we can tell from the briefs and from the record before us, Gershenbaum's estate still had not been closed when this appeal was taken.

█ Nonetheless Brown argues that the case should be treated as if it were closed, contending that the estate is of such little value that the Trustee is unlikely to undertake the expenses necessary either to make a distribution or to close it. Therefore, Brown would have us hold that the case is "practically", if not "formally", closed. The district court agreed, concluding:

It seems to me that in the circumstances of the bankruptcy [it was] essentially a no asset case, the only funds obtained being some money paid for value of household furniture above the personal exemption, that on a de facto basis, that bankruptcy should be regarded as closed even though a formal order has not been entered.

We reject Brown's argument for two reasons. First, it appears to be inconsistent

with the clear import of Rule 514. That rule provides a method for terminating a bankruptcy case which has not been followed here. Furthermore, the Act provides an alternative method by which the bankruptcy court may close an estate when it appears that its assets are not sufficient to warrant the expenses necessary to complete its administration. Under 11 U.S.C. § 11(a)(8), the bankruptcy court is empowered to:

(8) Close estates, by approving the final accounts and discharging the trustees, whenever it appears that the estates have been fully administered or, if not fully administered, that the parties in interest will not furnish the indemnity necessary for the expenses of the proceeding or take the steps necessary for the administration of the estate;

The procedure established under § 11(a)(8) has not been followed in this case.

Brown has not advanced any cogent justification for giving "a closed case" a different interpretation in the context of Rule 110 than the one provided by the draftsmen in Rule 514. Brown argues that it is unfair to a creditor to permit the bankrupt to amend his petition at this late date and thereby broaden the scope of the original discharge. However, Brown has not pointed to any prejudice which he will suffer as a result of the amendment, which he would not have incurred if his debt had been listed in the petition for bankruptcy. He has not indicated that he has changed his position during the twenty-one months which elapsed between the bankruptcy and the amendment, nor has he alleged that he was damaged by the loss of an opportunity to participate in the bankruptcy proceeding.

Even had Brown explained how permitting the amendment would prejudice him, we would nonetheless have reservations about his argument because it is premised on a misconception of the effect of the

**7.** This is also the interpretation given to Rule 110 in 12 Collier on Bankruptcy ¶ 110.02:

The Act in § 39a(3) places the duty on the referee to cause incomplete and defective schedules to be amended. This requirement is satisfied by the second sentence of Rule

110 . . . The first sentence must refer to the bankrupt, although it does not expressly say that it is so restricted. The second sentence then refers to amendments proposed by persons other than the bankrupt and includes the court.

amendment. Amendment of the petition will not, of itself, work a discharge of Gershenbaum's debts to Brown. The Advisory Committee's comment states that "[i]f a schedule is amended to include an additional creditor, the effect on the dischargeability of the creditor's claim is governed by the provisions of § 17 of the Act (see particularly § 17a(3))."

It is clear that two wholly separate issues must be resolved before Gershenbaum's bankruptcy may be raised as a bar to Brown's claim: first, may the petition be amended and second, if it may be amended, the scope of the discharge. Our interpretation of Rule 110 compels us to decide the first question—whether the petition may be amended—in favor of Gershenbaum. But we do not, and cannot, decide the second question—whether Gershenbaum's debt to Brown has been discharged—because that question was not raised by the application to amend the petition nor was it decided by the bankruptcy court. We thus do not reach it.

The order of the district court dated September 22, 1978 will be reversed and the case remanded with a direction that an order be entered permitting the amendment sought by Gershenbaum.