**In re Elaine Picard BURGESS, Bankrupt.**

**James M. JONES, Trustee, Plaintiff,**

**v.**

**Elaine Picard BURGESS, Defendant.**

**Bankruptcy No. 78–31799.**

United States Bankruptcy Court, M. D. Tennessee.

Dec. 5, 1979.

8. *Ibid.*

9. A failure to timely file a notice of appeal is jurisdictional. *In re W. T. Grant Co., supra*, 425 F.Supp. at 567.

James M. Jones, Nashville, Tenn., pro se.

Michael W. Edwards, Hendersonville, Tenn., for defendant.

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

The trustee has filed a complaint to have the bankrupt turn over to him a valuable diamond ring which the bankrupt failed to include in her original property schedules. The bankrupt has responded by filing an amendment to her property schedules which includes claiming the ring as exempt in Schedule B–4, a motion to allow the amendment and an answer to the complaint alleging that she inadvertently omitted the ring from her original schedules and asserting that she still is entitled to claim the ring as exempt property.

The Bankruptcy Act provides for the exemptions of bankrupts in § 6, 11 U.S.C. § 24 (1966) as follows:

> This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State: Provided, however, That no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this Act for the benefit of the estate, except that, where the voided transfer was made by way of security only and the property recovered is in excess of the amount secured thereby, such allowance may be made out of such excess.

The court is satisfied that the bankrupt would have been entitled to retain the ring as exempt property under applicable Tennessee law [1] had she made a timely claim to it in her original schedules filed with her petition as required by § 7a(8) of the Bankruptcy Act, 11 U.S.C. § 25(a)(8) (1976) [2] and

---

[1] Under § 26–202 of the Tennessee Code the bankrupt is entitled to claim up to $2,500 of personal property as exempt. In her original Schedule B–4 she claimed property in this amount including $300 allocated to wearing apparel which should have been claimed under § 26–204 of the Tennessee Code and $982.50 allocated to "Future Income Tax Refunds". The only year to which this could have referred was 1978, the year the petition was filed, and the actual refund received by the bankrupt and her husband, who apparently earned most if not all of the money from which withholding was made, was $298.19. By deleting the wearing apparel and most of the provision for tax refund there is at least $950 available to the bankrupt to cover the appraised value of the ring under § 26–202.

[2] *Duties of Bankrupts.* a. The bankrupt shall . . . (8) prepare, make oath to, and file in court . . . with his petition, if a voluntary

Rules 108(a) & (b)[3] and 403(a)[4] of the Federal Rules of Bankruptcy Procedure (hereinafter the Bankruptcy Rules). The issues before the court are whether the bankrupt may amend her schedules to claim the ring as exempt at this stage in the administration of her case[5] and, if so, whether she is entitled to have the ring set apart to her as exempt property.

With regard to the bankrupt's right to amend Schedule B-4 to claim the ring as exempt, Rule 110 of the Bankruptcy Rules provides:

> A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended. Every amendment under this rule shall be filed in the same number as required of the original paper, and the court shall give notice of the amendment to such persons as it may designate.

Prior to the adoption of the Bankruptcy Rules, which became effective as to liquidation cases such as this on October 1, 1973, amendments to schedules were governed by General Order 11 which made their allowance discretionary with the court. In a recent opinion the Third Circuit Court of Appeals, the first appellate court to construe and apply Rule 110, reviewed the procedure under the general order and concluded that the new rule had made a significant change:

When the bankrupt files an application to amend a voluntary petition in bankruptcy, the court's only role under Rule 110 is to decide who should be given notice of the amendment. It does not have discretion to deny leave to amend or to require a showing of good cause.

*In re Gershenbaum,* 598 F.2d 779, 781 (3d Cir. 1979).

Most bankruptcy courts have construed and applied Rule 110 in the same manner as the Third Circuit. "Since this case has not been closed, it is not necessary for the debtor to obtain the Court's leave to amend its schedules." *In re Teena Creations, Inc.,* 18 C.B.C. 135 (S.D.N.Y.1978) (B.J.). "Bankruptcy Rule 110 provides that a voluntary petition or schedule may be amended as a matter of course at any time before a case is closed, and under pre-rule law the matter of the allowance of amendments thereafter is a matter of discretion; [citation omitted]." *In re Farmer,* 2 Bankr.Ct.Dec. 1533, 1534 (W.D.Pa.1976) (B.J.). "No longer, pursuant to former General Order 11, is it necessary to seek leave of court for this [amendment to schedule before case closed]." *In re Perucci,* 1 Bankr.Ct.Dec. 998 (E.D.Pa.1975) (B.J.). "I construe Rule 110 to mean that, as long as the case is not closed, the bankrupt's schedule may be amended as a matter of course, even without obtaining the Court's order or permission." *In re Schreibman,* 1 Bankr.Ct.Dec. 112, 113 (S.D.N.Y.1974) (B.J.).

All of these cases, including *Gershenbaum,* involved amendments to add

---

bankrupt, a schedule of his property, . . . and a claim for such exemptions as he may be entitled to; . . .

**3.** (a) *Schedules and Statement Required.* The bankrupt shall file with the court schedules of all his debts and all his property and a statement of his affairs, prepared by him in the manner prescribed by Official Forms . . ..
(b) *Time Limits.* Except as otherwise provided herein, the schedules and statement shall be filed with the petition by a voluntary bankrupt . . ..

**4.** (a) *Claim of Exemptions.* A bankrupt shall claim his exemptions in the schedule of his property required to be filed by Rule 108.

**5.** The case is open. The petition, statement of affairs and schedules were filed on December 4, 1978. The first meeting of creditors was held on January 2, 1979. On January 9, 1979, the trustee filed his report of exempt property setting apart to the bankrupt the property which she had claimed as exempt in her original Schedule B-4. The discharge order was entered on March 8, 1979. The trustee filed his complaint to have the ring turned over to him on May 24, 1979. The bankrupt filed her amendment, motion and answer on July 2, 1979.

creditors. There is, however, no indication in the plain language of the rule itself nor in the Advisory Committee's Note that the rule would not be equally applicable to amendments to claim additional property as exempt. The one reported decision which this court has been able to uncover involving such an amendment is *In re Wilcoxon*, 3 Bankr.Ct.Dec. 1220 (N.D.Ga.1977) (B.J.). The holding in that case as to the application of Rule 110 is not altogether clear and it will be discussed in some detail below. In any event this court concludes that Rule 110 governs amendments to schedules to claim additional property as exempt and since this case has not been closed the bankrupt may so amend her schedules and may do so without having to obtain the permission of the court.

Amending the schedules is only the initial step—although an indispensible one—and merely gives the bankrupt. the right . to *claim* the property as exempt. Whether the bankrupt is entitled to have the property set apart to her as exempt is a separate issue. This was recognized by the Third Circuit in *Gershenbaum* when that court indicated that there were two wholly separate issues to be resolved before the claim of the creditor whose name was being added to the schedules would be barred. The only issue before that court was whether the schedules could be amended. The court recognized that there was a second issue which involved the scope of the discharge under § 17 of the Bankruptcy Act, 11 U.S.C. § 35 (1966). Thus, this court must now address the second issue—whether having claimed the ring as exempt the bankrupt is entitled to have it awarded to her.

One approach to this issue is that taken by the bankruptcy court in *In re Wilcoxon*, 3 Bankr.Ct.Dec. 1120 (N.D.Ga.1977) (B.J.). In that opinion the bankruptcy judge determined in effect that the right of a bankrupt to have additional property awarded him as exempt terminated when the trustee filed his report and set apart property previously claimed as exempt pursuant to Bankruptcy Rule 403(b).[6] The court stated pertinently at 1223:

> It would thus seem to have been clearly within the contemplation of Rule 110 to provide that the right of amendment permits the bankrupt, at least procedurally, to claim additional property as exempt. Whether the bankrupt can actually claim additional property as exempt where he has already petitioned for certain property to be set aside as exempt in his bankruptcy schedules, would depend upon whether the trustee has filed a report of exempt property. Under § 70 of the Act, the trustee is vested with the title of the bankrupt's *non-exempt* assets as of the date of the filing of the petition. Accordingly, once the trustee has filed a report and set aside as exempt certain assets of the bankrupt, the bankrupt, following the approval of the trustee's report, no longer has any right, title or interest to any other property owned prior to the initiation of the bankruptcy proceedings in which to claim an exempt interest.

> The bankrupt's application is in essence a retention of claimed exempt property subject to approval by the court prior to title to such claimed exempt property passing to the trustee. Without such claim being filed, all the property of the bankrupt passes in title to the trustee under § 70 of the Bankruptcy Act. It is just impossible to *retain* (to reach back and recover), as exempt, property which has already passed to a creditor. *White vs. Stump*, Supra. Clearly, after property has been set aside as exempt by the trustee and approved by the Bankruptcy Court, all non-exempt property has passed to the trustee effective to the date of filing of the petition, and thereafter no additional property may be set aside as exempt. No amended or additional application for exempt property is possible after approval of the first.

**6.** (b) *Trustee's Report.* The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. . . .

The court is aware of several decisions which have dealt with the right of the bankrupt to amend his claim of exemptions. In each of these cases, though not specifically stating the above rule, the courts seem to have adhered to it. Inherent in the decisions has been the thought that amendments to claims of exemptions should be allowed up to the time that to allow them would not unduly complicate the administration of the bankruptcy case. The time when such complication is likely to occur regularly is when the trustee has filed his report on exempt property and it has been approved by the court. The time of passage of title of non-exempt property to the trustee is the bar date to further amendments, both under Georgia law, it seems, and under the Bankruptcy Act (§ 70, Rule 110, Rule 403).

Since it establishes a definite time after which a bankrupt can no longer successfully claim property as exempt this approach obviously promotes an orderly administration on bankruptcy cases. It is predicated in large part on the Supreme Court decision in *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924) in which the Court held that a bankrupt's right to claim property as exempt must be tested as of the date of the filing of the petition. That Court concluded that since no declaration of homestead had been filed in the appropriate state office as required by state law prior to the filing of the bankruptcy petition, the bankrupt was not entitled to claim the homestead as exempt since under state law the filing of the declaration after levy was not effective as to the judgment creditor and thus should not be effective as to the trustee who has the same status. This case does not indicate that state law is to have any effect on the manner or the time within which a bankrupt may claim property as exempt during the administration of his bankruptcy case if he was entitled to claim it as exempt under state law at the time that his petition was filed.

If as a matter of federal bankruptcy law the vesting of title in the trustee establishes the cut-off point after which a bankrupt no longer can claim additional property as exempt, it is arguable that both the filing of the petition and the acceptance of office by the trustee are more significant events than the filing of the trustee's report. The trustee's report only addresses that property which the bankrupt has claimed as exempt up to that point in time. Title to the remainder of the bankrupt's property vests in the trustee upon his acceptance without any cloud which must be dissipated by the filing of the trustee's report as *Wilcoxon* suggests. Thus, if the status of title is determinative, either the filing of the petition or the trustee's acceptance could qualify as the deadline for the filing of amendments. If the former, there could be no effective amendments to claim any property as exempt not claimed in the original schedules. In any event, *Wilcoxon* has ascribed a highly significant effect to Bankruptcy Rule 403 which is not suggested by the language of that rule and is obviously inconsistent with the plain language of Bankruptcy Rule 110. However ingenious the rationale of *Wilcoxon* may be and however much appeal it might have from the perspective of case administration, this court declines to apply it. It is contrary to previous decisions by the courts in this circuit and is contrary to the following general rule:

> While the bankruptcy courts will follow and adopt state law, in determining the nature and extent of state exemptions, the manner in which such exemptions are to be claimed, set apart and awarded is regulated and determined by the federal courts as a matter of procedure in the course of bankruptcy administration, and they are not bound or limited by state decisions or statutes.

1A Collier, Bankruptcy ¶ 6.18 (14th ed. 1978).

The courts of this circuit have long adhered to this general rule. In the case of *In re Stitt*, 252 F. 1 (6th Cir. 1918) the Sixth Circuit Court of Appeals permitted a bankrupt to amend and awarded him an exemption of $500 from the proceeds derived from the trustee's previous sale of certain person-

al property even though under state law it was necessary that the bankrupt have selected the exempt items of personalty before sale. The court held that departure from the method of selection provided by state statute did not result in the exemption being irrevocably lost to the bankrupt. The court concurred with the district judge "that the manner and time of making, in the course of bankruptcy administration, the statutory claims for exemptions is a matter of procedure only . . . ." *Id.* at 3. A more complete statement of the rule is found in *In re Moore*, 274 F. 645, 648 (E.D.Mich.1921):

> While, however, the bankruptcy court will follow and adopt the statutes of a state, as construed and applied by the highest courts thereof, in determining the nature and extent of the exemptions created by the laws of such state [citation omitted], yet the manner in which such exemptions are to be claimed, set apart, and awarded is regulated and determined by the federal courts, as a matter of procedure in the course of bankruptcy administration, as to which they are not bound or limited by state decisions or statutes. [citations omitted]

Pursuant to Bankruptcy Rule 110 the procedure in bankruptcy cases for claiming property as exempt which was not claimed in the schedules filed with the petition is to file an appropriate amendment. If filed prior to the case being closed, the amendment is effective upon filing; no court approval is required. The bankrupt must still establish that he is entitled to have the property awarded to him as exempt property under § 6 of the Bankruptcy Act but it would appear that the fact that the claim was not timely made should not adversely affect the award except to the extent that special prejudice, other than transfer of title to the trustee, resulted from the delay. Of course, failure by the bankrupt to include the property claimed as exempt in the original schedules may indicate that the bankrupt intended to conceal it and therefore should be denied the award under the proviso of § 6 of the Act.

Although the ring in question was not listed by the bankrupt in her original schedules it is apparent that this was done inadvertently and not with the intention of concealing it from the trustee since she wore it to the first meeting of creditors where the trustee noticed it and requested that she have it appraised. Thus, the court concludes that the bankrupt is entitled to retain the ring but is concerned about the bankrupt's excessive delay in claiming it as exempt.

The first meeting of creditors was held in early January of this year. Although the trustee called attention to the ring at that time and apparently made later demands on the bankrupt to turn it over to him no amendment was filed claiming the ring as exempt until the trustee initiated this adversary proceeding in May. The failure of the bankrupt to file a timely amendment was prejudicial to the trustee in that it left him with little choice but to file the instant complaint in order that this matter be properly resolved. The award of the ring as exempt property should be conditioned upon the bankrupt paying the costs of this adversary proceeding, including the per diem of the court reporter, and compensating the trustee for services which he has rendered in this matter in his capacity as attorney for the estate. *See, Thompson v. Powell*, 413 F.2d 276 (5th Cir. 1969).