In re Francis D. FISHER, Debtor.

Bankruptcy No. 5–82–00460.

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 24, 1983.

John H. Doran, Wilkes-Barre, Pa., for plaintiff-debtor.

Joseph B. Finlay, Jr., Wilkes-Barre, Pa., for defendants-objectors.

OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The issue presented in this case is whether a debtor may change his election of exemptions under the Bankruptcy Code (the Code) from those offered under state law to those specifically enumerated under the Code, subsequent to a creditor's objection to one of the debtor's claimed state exemptions. We find that he can.

The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 22, 1982. In schedule B–4 of that petition the debtor elected to use the exemptions afforded under the law of Pennsylvania. In particular, the debtor chose to claim his interest in two other types of property. The joint property in question is a parcel of realty located in Larksville, Pennsylvania. Three creditors of the debtor jointly hired counsel to represent their interests in the bankruptcy proceeding. The creditors' counsel uncovered the fact that the debtor conveyed the Larksville property to himself and one Joan A. Clime on September 23, 1980. Subsequently, the debtor and Miss Clime wed. The creditors' counsel filed an objection to the claim of the exemption of the Larksville property on September 2, 1982. The debtor filed an application to amend his claim of exemptions on September 21, 1982. The creditors oppose the amendment.

The current Bankruptcy Act became effective on October 1, 1979. See 11 U.S.C. §§ 101 et seq. The statute authorizes individuals to exempt from bankruptcy certain property. 11 U.S.C. § 522(b). Section 522(b) allows the debtor to elect his exemptions from either:

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

■ The debtor seeks the amendment since the parties believe that the conveyance of realty created a joint tenancy rather than a tenancy by the entireties since the conveyance was effected when the parties were not wed. Under Pennsylvania law the debtor's interest in a tenancy by the entireties would be exempt from process although his interest in the joint tenancy is not. *Amadon v. Amadon,* 359 Pa. 434, 59 A.2d 135 (1948).

Section 522(1) states that, "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section... Unless a party in interest objects, the property claimed as exempt on such list is exempt." Bankruptcy Rule 403(a) directs the debtor "to claim his exemptions in the schedule of property required to be filed by Rule 108." The amendment of bankruptcy schedules is governed by Rule 110 which states as follows:

A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended. Every amendment under this rule shall be filed in the same number as required of the original paper, and the court shall give notice of the amendment to such persons as it may designate.

The interaction of the former bankruptcy statute and the Bankruptcy Rules provided for finality in the debtor's amendment of his exemptions. Section 47a(6) of the former statute, the Bankruptcy Act of 1898, required the trustee to report to the court on the allowability of the debtor's exemptions. Bankruptcy Rule 403(b) mandated that the report be filed within fifteen days after the trustee's appointment. Any objections to the trustee's report on the exemptions were to be filed within fifteen days of the filing of the report. Bankruptcy Rule 403(c); *see also, Knox v. Lines,* 463 F.2d 561 (9th Cir.1972).

Under the Bankruptcy Code there is no provision comparable to § 47a(6) requiring the filing of a trustee's report of exemptions. The Code relieved the trustee of the obligation of filing such a report and resolves the issue of the approvability of the exemptions by providing that, "Unless a party in interest objects, the property claimed as exempt on such list [schedule B–4] is exempt." § 522(1). Due to the inapplicability of Rule 403(c) of the Code, there is no provision in the Rules or the statute providing for the finality of exemption claims prior to the closing of the estate.

In the recent past the Third Circuit Court of Appeals construed the liberality of Rule 110 under the former bankruptcy statute. In the case of *In Re Gershenbaum,* 598 F.2d 779 (3rd Cir.1979), the debtor sought to amend his bankruptcy schedules to add an additional creditor. The court found that the first sentence of Rule 110 should be

given its apparent meaning when a debtor seeks amendment to add a creditor. Another recent case, decided by the Eleventh Circuit under the Bankruptcy Act of 1978, cited *Gershenbaum* and stated that a literal reading of the first sentence of Rule 110 is controlling except in instances when "a court might deny leave to amend on a showing of a debtor's bad faith or of prejudice to creditors." *Doan v. Hudgins,* 672 F.2d 831, 833 (11th Cir.1982).

In the case at bar the creditors assert that "in reliance upon the debtor's Schedules, [the creditors] conducted an investigation and directed their Counsel to take appropriate action to cause the non-exempt property to be administered by the Trustee for the Benefit of all creditors of the Estate." In this case, we find that such prejudice is outweighed by the liberality of Rule 110. Consequently, we grant leave to the debtor to amend his list of exemptions.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.