In re John J. LOCKOVICH and Clara A. Lockovich t/d/b/a Paper & Quill and Service Corporation of America, Debtors.

John J. LOCKOVICH and Clara A. Lockovich, Movants,

v.

Mark L. GLOSSER, Esq., Chapter 7 Trustee, Respondent.

Bankruptcy No. 88–1192PGH.

Motion No. 92–C & C1.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 25, 1993.

See also 940 F.2d 916.

Mark L. Glosser, Pittsburgh, PA, Chapter 7 Trustee.

Donald Calaiaro, Pittsburgh, PA, for debtors.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Factual Background

Presently before the Court is the motion of John J. Lockovich and Clara A. Lockovich ("Debtors") to Amend their Exemptions ("Motion"). Mark L. Glosser, Esq. ("Trustee") objects to the requested relief.

The Debtors filed their voluntary Petition under Chapter 11 of the Bankruptcy Code on April 29, 1988. The case was converted to a case under Chapter 7 on August 8, 1991.

During the pendency of the Chapter 11, the Debtors sold residential real estate and received $2,379.06 as an advance distribution against their exemption under § 522(d)(1). The Debtors now request permission to amend their exemptions to exempt up to $7,500 in cash under § 522(d)(5). The Trustee has obtained the cash from liquidation of accounts receivable.

The Trustee asserts that during the Chapter 11 operation, the Debtors accrued unpaid expenses which have manifested themselves in the form of Chapter 11 administrative claims totalling in excess of $250,000. As it now appears, the Chapter 11 administrative claimants will receive a minuscule distribution from the estate. No distribution to Chapter 11 administrative claimants will be made if the Debtors' Motion is granted. The Trustee asserts that it is inequitable and contrary to the intent of the Bankruptcy Code to allow the Debtors to claim an increased exemption where Chapter 11 expenses remain unpaid. Subsequent to the hearing held on November 19, 1992, John J. Lockovich filed a Waiver of Discharge as to all postpetition administrative claims. Clara A. Lockovich filed a Waiver of Discharge to the extent that she

may be liable for any postpetition administrative claims.

### Discussion

This Court continually reminds counsel that we will treat harshly the accrual of expenses during a Chapter 11 which cannot be paid. Such actions amount to the fleecing of creditors under the auspices of the Bankruptcy Court.

Generally, schedules "may be amended by the debtor as a matter of course at any time before the case is closed." Fed.R.Bankr.P. 1009(a). *See also In re Gershenbaum,* 598 F.2d 779 (3d Cir. 1979). An amendment may be denied, however, if there is bad faith by the debtor or prejudice to creditors. *In re Calder,* 973 F.2d 862 (10th Cir.1992); *In re Fabian,* 122 B.R. 678 (Bankr.WD Pa.1990). Absent the Debtors' waiver of discharge as to postpetition claimants, granting the Debtors' request would impose a grievous inequity upon the creditors who have already suffered from the Debtors' activities.

We find, however, that the Waivers of Discharge as to postpetition administrative claimants sufficiently purge the Debtors of any bad faith or prejudice to the creditors. Accordingly, the Motion will be granted.

### ORDER

This 25th day of February, 1993, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that the Motion to Amend Debtor's Exemption filed by John J. Lockovich and Clara A. Lockovich is GRANTED. John J. Lockovich and Clara A. Lockovich are permitted to amend their exemption and claim an additional $3,235.40 in cash on hand from the proceeds of the accounts receivable in the hands of the Chapter 7 Trustee.