**In re John R. ALESIA, Debtor.**

**Bankruptcy No. 80 B 13904.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 23, 1982.

Ilene Goldstein, of Chatz, Sugarman, Abrams, Haber & Fagel, Chicago, Ill., for John R. Alesia.

Clyde O. Bowles, Jr., Alan I. Becker, and Karen E. Taylor, of Bowles, Becker & Levine, Ltd., Chicago, Ill., for PPG Industries, Inc.

### ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Objection of Creditor, PPG INDUS-

TRIES, INC., to the Debtor's Claim of Exemptions; the Debtor's Motion to Dismiss the Creditor's Objections to Debtor's Claim of Exemptions; the Debtor's Motion to Amend his Schedule of Exemptions; the Creditor's Objection to the Debtor's Motion to Dismiss PPG INDUSTRIES, INC.'s Objections to Debtor's Claim of Exemptions; and the Creditor's Objection to Debtor's Motion to Amend his Schedule of Exemptions, and the parties appearing by their respective attorneys, and

The Court having examined the pleadings filed in this matter, and having received and examined the Memoranda of Law submitted by the parties in support of their respective positions, and having heard the arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. On October 23, 1980 JOHN ALESIA filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2. Section 522(b) of the Bankruptcy Code permits a Debtor to exempt from property of the estate either 1) property that is specified under subsection (d) of section 522 or 2) property that is exempt under applicable nonbankruptcy state law and federal law other than subsection (d) of section 522. This choice of elections is available to a Debtor provided applicable state law does not deny the section 522(d) election to the Debtor. At the time the instant bankruptcy petition was filed, the Debtor was entitled to choose between the two exemption systems. In his original Schedules, JOHN ALESIA claimed the Illinois state law exemptions.

3. On November 26, 1980 the first meeting of creditors was held pursuant to section 341 of the Bankruptcy Code.

4. On December 11, 1980 PPG INDUSTRIES, INC. timely [1] filed its Objection to the Debtor's Claim of Exemptions in which it objected to the $10,000.00 homestead exemption claimed by the Debtor.

---

1. Interim Bankruptcy Form No. 13 which has been adopted by the Bankruptcy Court for the Northern District of Illinois provides that "[u]nless the court extends the time, any objection to the debtor's claim of exempt property ... must be filed within 15 days after the ... date set for the meeting of creditors."

5. On March 25, 1981 counsel for PPG INDUSTRIES, INC. interrogated the Debtor pursuant to section 343 of the Bankruptcy Code. In the course of that interrogation, it was determined that the Debtor at the time of the bankruptcy filing, owned various items of jewelry. Those items had not been listed as assets, had not been turned over to the trustee, and had not been claimed as exempt property.

6. On April 1, 1981 PPG INDUSTRIES, INC., the Debtor's largest creditor, filed a claim in the amount of $119,471.73.

7. On May 21, 1981 the Debtor filed a Motion to Dismiss the Creditor's Objection to Debtor's Claim of Exemptions. Also, on May 21, 1981, the Debtor filed a Motion to Amend his Schedule of Exemptions. By his proposed amendment, the Debtor seeks to change his election of exemption systems, changing from the Illinois exemptions to the federal exemptions provided in section 522(d). The Debtor's proposed amendment also seeks to add as an exemption the jewelry that was discovered by PPG at the section 343 interrogation but not listed in the Debtor's Schedules as an asset. PPG INDUSTRIES, INC. has filed an Objection to the Debtor's Motion to Dismiss the Creditor's Objection to Debtor's Claim of Exemptions. PPG INDUSTRIES, INC. has also filed an Objection to the Debtor's Motion to Amend his Schedule of Exemptions.

8. At the time these matters were presented to the Court, no assets of the estate had been reduced to cash. Every asset that had come into the estate was in the same condition as of the date of filing. The trustee had not incurred any costs of administration.

9. On October 29, 1981 an Order approving a No Asset Report was entered.

10. On November 17, 1981 an Order was entered modifying the Automatic Stay so as to permit Norwood Federal Savings to foreclose on the Debtor's condominium unit.

11. The Debtor has not yet received his discharge.

The Court Concludes and Further Finds:

1. While section 522 of the Code provides for the exemptions that may be claimed by a Debtor, it does not provide time limits for the amendment of exemptions claimed. Further, neither the Local Rules of the Bankruptcy Court for the Northern District of Illinois nor the Interim Bankruptcy Rules, which have been adopted by the Bankruptcy Court for the Northern District of Illinois, address this issue. Until new Rules for the Code are promulgated, the Bankruptcy Rules applicable under the former Bankruptcy Act are applicable to the extent they are not inconsistent with the Code.

There are two Bankruptcy Rules that courts have applied when ruling on Motions to Amend Schedules, Bankruptcy Rule 110 and Bankruptcy Rule 403. Rule 110 provides in pertinent part as follows:

A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended.

Rule 403 provides in pertinent part as follows:

(a) Claim of Exemptions. A bankrupt shall claim his exemptions in the schedule of his property required to be filed by Rule 108.

(b) Trustee's Report. The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies. If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney.

(c) Objections to Report. Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court

within such 15-day period .... After hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.

....

(e) Approval of Report if No Objections. If no objections are filed within the time provided by this rule, the report shall be deemed approved by the court. On request, the court may at any time and without reopening the case, enter an order approving the report.

2. Courts have not been uniform in their construction and application of Rule 110 and Rule 403. In the case *sub judice* Creditor, PPG INDUSTRIES, INC., argues that the Debtor is not free to amend his exemptions, notwithstanding the plain language of Rule 110, because Rule 403 places a limitation on that right. This Court does not agree that Rule 403 imposes such a limitation.

■ Rule 403 is not applicable to the issues currently before the Court. In the case *sub judice,* the Debtor seeks to *amend* his Schedule of Exemptions. Rule 403 fixes a time limitation for the filing of *objections.*[2] No argument is made that the Creditor, PPG INDUSTRIES, INC., untimely filed its objection to the Debtor's Schedule of Exemptions.

Despite the fact that the wording of Rule 403 deals with filing of *objections,* some courts have applied the time restraints set out in Rule 403 so as to limit the time for filing *amendments* to Exemptions Schedules. In *In re Duggan,* 4 B.R. 709, 711 (Bkrtcy.N.D.Tex.1980), the court found that Rule 403 prevents exemption changes from

state to federal and vice versa when such changes are sought to be made after the fifteen-day period for exemptions has run.[3] In *In re Cobb,* 3 B.R. 150 (Bkrtcy.N.D.Cal. 1980), the court held that if the erroneous claim of exemptions is not amended or objected to within fifteen days after the trustee's qualification, the exemptions originally claimed are final and no amendments can be made. *See also In re Santoro,* 3 B.R. 210 (Bkrtcy.E.D.N.Y.1980). In the view of this Court, the foregoing application of Rule 403 is not justified by the wording of Rule 403. Said application is also inconsistent with Rule 110. Further, the Advisory Committee Note to Rule 110 indicates that the expiration of the 15 day time period set forth in Rule 403 was not intended to finalize the Debtor's exemptions. The Advisory Committee Note to Rule 110 provides in pertinent part as follows:

A notice to the trustee is appropriate whenever the debtor amends his schedule of property. If additional property is claimed as exempt by the amendment, the trustee must act thereon on accordance with Rule 403.

2 *Collier Pamphlet Edition* 38 (1981).

Thus, it was contemplated at the time the Bankruptcy Rules were promulgated and the Bankruptcy Act was in effect that amendments would be liberally allowed pursuant to Rule 110. If an amendment to exemptions were filed, the trustee would then file a report of exemptions just as he did when the original exemptions were filed and a new 15 day time period for filing objections would begin to run.

■ 3. Having determined that Rule 403 is not pertinent to the Debtor's Motion

---

2. The objections dealt with by Rule 403 are those filed with respect to the trustee's report of exemptions. Under the Bankruptcy Code, the Debtor's claim of exemptions is governed by section 522. That section does not require the filing of a trustee's report. The report required by subdivision (b) of Rule 403 is abolished under the Code. 12 *Collier Pamphlet Edition* 136 (1981). Therefore, Rule 403 does not even govern the time period for filing objections to the Debtor's claim of exemptions. The time period for filing objections to the Debtor's

claim of exemptions is currently governed by Interim Bankruptcy Form No. 13. See n. 1, *supra.*

3. The *Duggan* court distinguished between exemption amendments which changed exemption systems from state to federal or vice versa and exemption amendments which merely added assets which were discovered after the original exemption schedules were filed. The court held that Rule 403 was applicable to the former situation, but not to the latter.

to Amend Exemption Schedules, it is now necessary to address Rule 110. Courts that have applied Rule 110 have varied in their views as to the amount of discretion the bankruptcy court has to deny amendments under Rule 110.

Some courts view the discretionary role of bankruptcy courts as being severely limited with regard to amendments by the Debtor. In *In re Gershenbaum,* 598 F.2d 779 (3d Cir.1979), the court noted that prior to the adoption of the Bankruptcy Rules, amendments to schedules were governed by General Order 11. Under General Order 11, the bankruptcy court had wide discretion with respect to amendments. General Order 11 provided that "the court may allow amendments," and it further required the bankrupt to explain the cause of the error in the schedules as they were originally filed.

In *Gershenbaum,* the Third Circuit Court of Appeals concluded that Rule 110 had significantly changed the practice that had existed under General Order 11. The court first addressed the first sentence of Rule 110 which provides as follows:

> A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed.

The court stated:

> When the bankrupt files an application to amend a voluntary petition in bankruptcy, the court's only role under Rule 110 is to decide who should be given notice of the amendment. It does not have discretion to deny leave to amend or to require a showing of good cause.

*Gershenbaum,* 598 F.2d at 781.

The *Gershenbaum* court based its decision on comments made by the Advisory Committee on Bankruptcy Rules which read in pertinent part as follows:

> General Order 11, from which this rule is principally derived, has required an application for leave to amend a petition or schedule. While the first sentence of Rule 110 adopts a permissive approach to amendment of a voluntary petition, schedule or statement of affairs, it con-templates that every amendment shall be brought to the attention of the court so that it may determine who, if anyone, should be notified of the amendment.

2 *Collier Pamphlet Edition* 38 (1981).

In interpreting the second sentence in Rule 110, the court again referred to the Advisory Committee Note to Rule 110. The second sentence of Rule 110 reads as follows:

> The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule, or statement of affairs to be amended.

The Advisory Committee Note explains that the second sentence of the rule is adapted from section 39(a)(3) of the Bankruptcy Act. 2 *Collier Pamphlet Edition* 38 (1981). Section 39(a)(3) of the Bankruptcy Act pertains solely to amendments made by the bankruptcy court and provides that "referees shall ... cause ... incomplete and defective petitions to be amended." 11 U.S.C. § 67 (1976). The court in *Gershenbaum* construed the second sentence of Rule 110 as pertaining to amendments proposed by persons other than the bankrupt. The court held that such amendments are subject to the discretion of the bankruptcy court. Many bankruptcy courts have construed and applied Rule 110 in the same manner as the Third Circuit. See *In re Perucci,* 1 Bankr.Ct.Dec. 998 (Bankr.E.D.Pa. 1975); *In re Schreibman,* 1 Bankr.Ct.Dec. 112, 113 (Bankr.S.D.N.Y.1974). In a case under the Bankruptcy Code, the Eleventh Circuit Court of Appeals examined the issue of whether a bankruptcy court had discretion to deny the Debtor's amendment under Rule 110. The court in *In re Doan,* 672 F.2d 831 (11th Cir.1982), agreed with the holding of the *Gershenbaum* court that under Rule 110 the court does not have discretion to deny a debtor's motion to amend. The *Doan* court did so, however, with the limiting caveat that a court might deny leave to amend upon a showing of the debtor's bad faith or of prejudice to creditors. *Accord In re Shaffer,* 8 B.R. 497, 502 (Bkrtcy.E.D. N.Y.1981); *In re Brock,* 10 B.R. 67, 3 Bankr.

L.Rep. (CCH) ¶ 67,925 (Bkrtcy.E.D.Mich. 1981); *In re Maxwell,* 5 B.R. 58 (Bkrtcy.N. D.Ga.1980); 3 *Collier on Bankruptcy* ¶ 522.-26 at 522–64 (15th ed. 1979). This Court agrees with the Eleventh Circuit's construction of Rule 110. A debtor's Motion to Amend Exemptions under Rule 110 may not be denied unless bad faith on the part of the debtor is shown or third parties will be prejudiced by the allowance of the amendment. This Court agrees generally with the reasoning of the Third Circuit's opinion in *Gershenbaum,* but does not agree with that court's view that courts have no discretion with respect to the allowance of a debtor's proposed amendment pursuant to Rule 110. Allowing debtors' amendments except when there is prejudice to creditors or bad faith on the part of the debtor is consistent with the language of Rule 110 which provides for amendments as a "matter of course." This construction of Rule 110 is also consistent with the Advisory Committee Note to Rule 110. Under the construction of Rule 110 adopted by this Court, debtors have greater latitude in the filing of amendments to schedules of elections than under General Order 11. Amendments will be denied only if bad faith on the part of the debtor is shown, or if allowance would result in prejudice to third parties. Good cause, however, is not required. In the instant case it has not been shown that the Debtor acted in bad faith. This Court does not address the issue of whether the Debtor would have been entitled to the original claim of exemptions claimed under Illinois state law. Assuming *arguendo* that the Debtor was not entitled to the original exemptions claimed, this Court nevertheless holds that the totality of circumstances in this case does not justify a finding that the Debtor acted in bad faith. In the instant case, it has not been shown that the objecting creditor or other third parties will be prejudiced by the allowance of the amendment so as to justify intervention by the Court and denial of the Debtor's right to amend under Rule 110. Prejudice will result to PPG INDUSTRIES, INC. if the Debtor is allowed to amend his Schedule of Exemptions. However, said prejudice can be cured.

PPG INDUSTRIES, INC. incurred legal fees and expenses objecting to the Debtor's original Exemption Schedules. The Debtor had not notified PPG INDUSTRIES, INC. of his desire to withdraw his original claim of exemptions and amend his Exemption Schedules until the evening preceding the hearing on PPG INDUSTRIES, INC.'s Objection to Debtor's Claim of Exemptions. If PPG INDUSTRIES, INC. is not compensated for the legal fees and expenses incurred in reliance on the Debtor's original choice of exemptions, PPG INDUSTRIES, INC. will be prejudiced by the allowance of the Debtor's Motion to Amend his Exemption Schedules. Accordingly, the Debtor's Motion is allowed on the condition that the Debtor reimburse PPG INDUSTRIES, INC. from the Debtor's exempt property for legal fees and expenses incurred in objecting to the Debtor's original Exemption Schedules.

PPG INDUSTRIES, INC. in its Objection to the Debtor's Motion to Amend Exemption Schedules requests that if the Court allows the Debtor's Amendment that the Court order the Debtor to pay all of PPG INDUSTRIES, INC.'s legal fees and expenses incurred with respect to the Debtor's exemptions. PPG INDUSTRIES, INC. is only entitled to legal fees and expenses, however, to the extent described above. Once the Debtor indicated his desire to Amend his Exemption Schedules, any legal fees and expenses incurred by PPG INDUSTRIES, INC. were incurred at its own risk. The denial of legal fees and expenses incurred after the Debtor filed his Motion to Amend does not prejudice PPG INDUSTRIES, INC.

■ 4. Having determined that the Debtor is entitled to amend his exemptions pursuant to Rule 110, it is now necessary to determine whether the Debtor may claim particular property as exempt, namely the Debtor's jewelry. On the Debtor's Amended Schedules he claims a watch, ring, necklace and bracelet with a total value of $400.00 as exempt pursuant to section 522(d)(4) of the Bankruptcy Code. The

Debtor's Original Exemption Schedule did not claim any jewelry as exempt. The Debtor's Original Schedule of Personal Property, Schedule B–2, listed $200.00 of personal property in the general category of wearing apparel, jewelry, firearms, sports equipment, and other personal possessions. At the section 341 meeting, the Debtor wore all items of jewelry, which he later claimed as exempt on his Amended Schedules. At the section 341 meeting, counsel for PPG INDUSTRIES, INC. questioned the Debtor regarding this property. Upon questioning, the Debtor admitted that at the time of the bankruptcy filing, he had owned all of the items of jewelry which he was wearing at the meeting. PPG INDUSTRIES, INC. argues that the Debtor should not be allowed to claim any jewelry as exempt on the theory that the Debtor has concealed the jewelry. Under the circumstances of this case, this Court finds that the jewelry was not concealed by the Debtor.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to amend his Schedule of Exemptions be, and the same is hereby granted on the condition that the Debtor reimburse, from his exempt property, PPG INDUSTRIES, INC. for reasonable attorney fees and expenses incurred in objection to the Debtor's original Exemption Schedules.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Objection of Creditor, PPG INDUSTRIES, INC., to Debtor's Motion to Dismiss PPG INDUSTRIES, INC.'s Objections to Debtor's Claim of Exemptions be, and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Objection of Creditor, PPG INDUSTRIES, INC., to Debtor's Motion to Amend his Schedule of Exemptions be, and the same is hereby granted in part and denied in part. PPG INDUSTRIES, INC.'s request that the Court deny the Debtor's Amendment to Exemption Schedules is denied. PPG INDUSTRIES, INC.'s alternative request that the Debtor reimburse PPG INDUSTRIES, INC.

for attorney fees and expenses incurred is granted as to those attorney fees and expenses incurred in objecting to the Debtor's original Schedule of Exemptions. PPG INDUSTRIES, INC. is directed to file an itemized application for legal fees and expenses incurred by PPG INDUSTRIES, INC. in objecting to the Debtor's original Schedule of Exemptions on or before October 7, 1982.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a hearing to determine the amount of attorney fees and expenses to be paid by the Debtor from his exempt property to PPG INDUSTRIES, INC. be, and the same is hereby set for October 28, 1982, at the hour of 11:30 o'clock a.m., Courtroom 1670, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Objection of Creditor, PPG INDUSTRIES, INC., to the Debtor's Claim of Exemptions be, and the same is hereby dismissed as being moot.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Dismiss the Creditor's Objections to Debtor's Claim of Exemptions be, and the same is hereby granted.