**In re Robert M. CALVIN, Debtor.**

**Bankruptcy No. 80 B 14189.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 29, 1982.

Richard C. Leng, of Abramson & Fox, Chicago, Ill., appeared on behalf of Robert M. Calvin.

Donald H. Geiger, Waukegan, Ill., appeared on behalf of Donald H. Geiger, trustee.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Debtor's Motion to Amend his B–4 Schedule of Exempt Property, and the Trustee's Response thereto, and the parties appearing by their respective attorneys, and

The Court having examined the pleadings filed in this matter, and having received and examined the Memoranda of Law submitted by the parties in support of their respective positions, and having heard the arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. On October 29, 1980 ROBERT M. CALVIN, Debtor herein, filed a voluntary petition under chapter 7 of the Bankruptcy Code. At that time, the Debtor claimed an exemption in the sum of $7,500.00 in his residence located at 245 Shoreline Road, Lake Barrington, Illinois.

2. On March 2, 1981 the automatic stay was lifted so as to allow a secured creditor to foreclose on the 245 Shoreline Road property.

3. On September 30, 1981 the Debtor filed a Motion to Amend his B–4 Schedule of Exempt Property to delete the 245 Shoreline Road property as exempt and claim, pursuant to section 522(d)(4) of the Bankruptcy Code, a $7,500.00 interest in property located in Hibbing, Minnesota, and also $806.54 received as back pay.

4. Bankruptcy Rule 110 allows a Debtor to amend his schedules as a "matter of course" anytime before the case is closed. A Debtor's Motion to Amend Exemptions under Rule 110 may not be denied unless bad faith on the part of the Debtor is shown or third parties will be prejudiced by the allowance of the amendment. *In re Doan*, 672 F.2d 831 (11th Cir.1982). See also this Court's decision in *In re Alesia*, 28 B.R. 46 (Bkrtcy.N.D.Ill.1982).

5. In the case at bar, no bad faith on the part of the Debtor has been shown. Further, no third party will be prejudiced by the allowance of the $806.54 of back pay as exempt property. Accordingly, the Debtor's Motion to Amend his Schedule of Exempt Property so as to add $806.54 of back pay as exempt is allowed.

6. The Debtor's Motion to Amend his Schedule of Exempt Property so as to add his $7,500.00 interest in the Hibbing, Minnesota property and delete the 245 Shoreline Road property as exempt, however, is allowed only in part and is denied in part. To allow the amendment in full with respect to the Hibbing, Minnesota property would prejudice third parties.

7. The Trustee argues that the allowance of the amendment will be prejudicial because prior to the Motion to Amend, the Trustee had rendered services and incurred legal fees and expenses in relation to the Hibbing, Minnesota property that would have been unnecessary if the Debtor had originally claimed the exemption which he now seeks to claim. Further, the Trustee claims that if the Debtor had not claimed the 245 Shoreline Road property as exempt, the Trustee would have had the right to collect rental income on the property.

8. If the amendment with respect to the Hibbing, Minnesota property were allowed in full, it is possible that some of the now unnecessary attorney fees and expenses incurred by the Trustee could be paid out of the Debtor's exempt property. Section 522(k) of the Bankruptcy Code provides as follows:

(k) Property that the debtor exempts under this section is not liable for payment of any administrative expense except—

(1) the aliquot share of the costs and expenses of avoiding a transfer of property that the debtor exempts under subsection (g) of this section, or of recovery of such property, that is attributable to the value of the portion of such property exempted in relation to the value of the property recovered;

To the extent that the attorney fees and expenses unnecessarily incurred by the Trustee could be paid from the Debtor's exempt property pursuant to section 522(k), there would be no prejudice in allowing the amendment as to the Hibbing, Minnesota property. However, section 522(k) permits only certain attorney fees and expenses to be paid from the Debtor's exempt property.

9. If some or all of the attorney fees and expenses unnecessarily incurred by the Trustee are not of the kind specified in section 522(k), those fees and expenses can not be paid from the Debtor's exempt property. If said fees and expenses were paid from monies in the estate, creditors of the estate would be prejudiced by an allowance of an amendment in full with respect to the Hibbing, Minnesota property. Assets of the estate would be dissipated to pay expenses

unnecessarily incurred in reliance on the Debtor's original Schedule of Exemptions. If money was not available in the estate to pay these attorney fees and expenses, the Trustee would be prejudiced by an allowance of an amendment in full with respect to the Hibbing, Minnesota property.

Accordingly, this Court allows the Debtor to amend his Schedule of Exempt Property to include the Hibbing, Minnesota property to the extent the Trustee and the creditors of the estate are not prejudiced by such amendment. This requires that the amount of the exemption that the Debtor would have otherwise been entitled to claim be decreased by the amount of money the estate will have to pay, or would have to pay if it had sufficient monies available, in order to reimburse the Trustee for the now unnecessary legal fees and expenses incurred by the Trustee. This deduction in the amount of the exemption allowed would be based only on those legal fees and expenses unnecessarily incurred that are not entitled to be paid directly from the exempt property pursuant to section 522(k).

In summary, the Debtor's Motion to Amend his Schedule of Exempt Property is denied to the extent necessary to cure the prejudice to the Trustee and creditors of the estate that otherwise would result from an allowance of an amendment in full. The amount of money the estate will have to disburse in order to reimburse the Trustee in full for the now unnecessary legal fees and expenses incurred, which are not payable from the Debtor's exempt property, pursuant to section 522(k), is dependent upon the total dollar amount owed by the estate for section 503(b) administrative expenses. Attorney fees and expenses incurred by the Trustee are administrative expenses under section 503(b)(2). Administrative expenses under section 503(b) are entitled to first priority payment and are paid as a class on a pro rata basis. This category of claims includes claims other than attorney fees and expenses. For example, all actual, necessary costs and expenses of preserving the estate are first priority administrative expenses. Thus, if the now unnecessary legal fees and expenses incurred by the Trustee, excluding those entitled to payment from exempt property pursuant to section 522(k), amounted to $2,000.00, and if the estate were liable for an additional $3,000.00 of first priority administrative expenses, the estate would have to pay out $5,000.00 in order for the Trustee to be reimbursed in full for the now unnecessary legal fees and expenses incurred. Assuming an allowance of the amendment in full would leave the estate with $3,000.00, the estate would need an additional $2,000.00, the actual amount of the legal fees and expenses incurred, in order to reimburse the Trustee in full for the legal fees and expenses unnecessarily incurred. If such was the case, the Debtor's amendment with respect to the Hibbing, Minnesota property should be allowed only to the extent of $5,500.00, and be denied to the extent of $2,000.00. If in our hypothetical, however, an allowance of the amendment in full would leave the estate with $1,000.00, the Debtor's amendment would have to be denied to the extent of $4,000.00 in order to reimburse the Trustee in full for the legal fees and expenses unnecessarily incurred. This would be so even if the actual amount of legal fees and expenses unnecessarily incurred was only $2,000.00.

10. As to the amount of money the estate could have received as rental income on the 245 Shoreline Road property, that sum is recoverable by the estate from the property the Debtor is allowed as exempt. To not so condition the allowance of the amendment with respect to the Hibbing, Minnesota property would result in a prejudice to the estate.

11. It is now necessary to address the administrative services performed by the Trustee with respect to the Hibbing, Minnesota property that are rendered unnecessary in view of the Debtor's proposed amendment to Exemption Schedules.

Section 326(a) of the Bankruptcy Code provides for limitations on compensation for services rendered by trustees in chapter 7 cases. Under this section, the

trustee's compensation is based on monies "disbursed or turned over by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." Inasmuch as monies received as a result of the Trustee's services with regard to the administration of the Hibbing, Minnesota property are to be turned over to the Debtor, the Trustee is not entitled to compensation from the estate for any of the administrative services rendered with respect to the Hibbing, Minnesota property. Allowance of the amendment with respect to the Hibbing, Minnesota property, therefore, must be conditioned upon the Debtor reimbursing the Trustee for said services from his exempt property.

It is permissible to pay the Trustee from the Debtor's exempt property for the administrative services performed. Section 522(k) does not preclude such payment. Section 522(k) only precludes payment of certain *administrative expenses* from the Debtor's exempt property. As discussed above, trustee's services which result in a distribution to the Debtor are not compensable from the bankruptcy estate, and therefore are not administrative expenses.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of the Debtor, ROBERT M. CALVIN, to Amend his B–4 Schedule of Exempt Property so as to add $806.54 of back pay be, and the same is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion of the Debtor, ROBERT M. CALVIN, to Amend his B–4 Schedule of Exempt Property so as to delete his original claim of an exemption in the sum of $7,500.00 in his residence located at 245 Shoreline Road, Lake Barrington, Illinois be, and the same is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion of the Debtor, ROBERT M. CALVIN, to Amend his B–4 Schedule of Exempt Property so as to add a $7,500.00 interest in property located in Hibbing, Minnesota be, and the same is hereby granted in part and denied in part. The amendment is denied

to the extent necessary to fully compensate the Trustee for attorney fees and expenses that have unnecessarily been incurred by the Trustee and that cannot be reimbursed from the Debtor's exempt property pursuant to section 522(k) of the Bankruptcy Code.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that to the extent the Motion of Debtor, ROBERT M. CALVIN, to Amend his B–4 Schedule of Exempt Property so as to add a $7,500.00 interest in property located in Hibbing, Minnesota is allowed, said allowance is conditioned upon the following:

—payment to the Trustee and from the Debtor's exempt property for now unnecessary legal fees and expenses incurred of a kind specified in section 522(k) of the Bankruptcy Code that were incurred by the Trustee in relation to the Hibbing, Minnesota property; and

—payment to the estate and from the Debtor's exempt property of the sum of money the estate would have received as rental income from the 245 Shoreline Road property had that property not been claimed by the Debtor as exempt in his original Schedule of Exempt Property; and

—payment to the Trustee and from the Debtor's exempt property for the administrative services performed by the Trustee with respect to the Hibbing, Minnesota property that are rendered unnecessary in view of the Debtor's Motion to Amend his B–4 Schedule of Exempt Property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a hearing be held on the 10th day of November, 1982, at the hour of 11:30 o'clock a.m. to determine, consistent with the terms of this Order, the dollar amount in which the Debtor's Motion to Amend his B–4 Schedule of Exempt Property so as to add a $7,500.00 interest in property located in Hibbing, Minnesota should be allowed, and the dollar amount in which it should be denied. At this hearing, it will be necessary to make a

determination as to the amount of attorney fees and expenses incurred with respect to the Hibbing, Minnesota property. It will be necessary to estimate the total administrative expense allowable in the estate and the total assets available for payment thereof. It will then be necessary to determine which of the attorney fees and expenses are of the kind specified in section 522(k) of the Bankruptcy Code which can be paid from the Debtor's exempt property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a hearing be held on the 10th day of November, 1982, at the hour of 11:30 o'clock a.m. to determine, consistent with the terms of this Order, the dollar amount to be paid from the Debtor's exempt property to the estate and to the Trustee in order to cure any prejudice caused by the allowance of the amendment with respect to the Hibbing, Minnesota property. In addition to determining the amount of attorney fees and expenses incurred with respect to the Hibbing, Minnesota property that are of a kind specified in section 522(k), this Court will determine the amount of rental income the estate would have received had the 245 Shoreline Road Property not been claimed as exempt in the Debtor's original Schedules. The Court will also determine the compensation due the Trustee for administrative services performed with respect to the Hibbing, Minnesota property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Trustee herein file an Application with the Court on or before October 25, 1982, itemizing all attorney fees and expenses incurred. The Trustee is also directed to file with the Court an Application itemizing all administrative services performed with respect to the Hibbing, Minnesota property. The trustee is further directed to file with the Court a pro forma Final Report and Account.