**In the Matter of Gary Steven ELLIOTT, Debtor.**

**Bankruptcy No. 3–82–00902.**

United States Bankruptcy Court, S.D. Ohio, W.D.

June 8, 1983.

James E. Heath, Springfield, Ohio, for debtor.

James R. Warren, Springfield, Ohio, Trustee.

## PRELIMINARY PROCEDURE

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon Motion filed by Debtor on 1 April 1983 "to set aside" this Court's "Order for Payment of Dividends" dated 22 March 1983. On 15 April 1983, the Trustee filed a written "Memorandum *Contra* Motion of Debtor." The Court heard the matter on 6 May 1983. The following decision is based upon the parties' arguments presented at the hearing, and the record, inclusive of the parties' memoranda.

## FINDINGS OF FACT

As required by 11 U.S.C. § 521(1) and Rules 108 and 110 of the Bankruptcy Rules of Procedure, Debtor timely filed his Schedules with this Court on 30 March 1982 (simultaneously with his Chapter 7 Petition). In Schedule B–4, Debtor claimed an exemption in his homestead, and also listed a number of specific items of personal property as exempt under 11 U.S.C. § 522. Pertinent to the instant matter, Debtor also claimed $800.00 as exempt, as follows:

| | | |
|---|---|---|
| other property – money in Petitioner's possession | Ohio Revised Code § 2329.66(A)(4)(a) | $400.00 |
| other property – misc. in Petitioner's possession | Ohio Revised Code § 2329.66(A)(17) | $400.00 |

No objections to Debtor's exemptions as originally scheduled were pursued.

The instant matter involves disposition of money received from the surrender by the Trustee of four life insurance policies for which Debtor is the beneficiary. On 2 July 1982, the Chapter 7 Trustee filed an Application for authority to surrender the policies to the insurer in exchange for their "cash surrender value." The Court, by Amended Order issued 6 August 1982, granted the Trustee's Application. On 17 September 1982, the Trustee reported receipt of $1,966.18 from the insurer in exchange for the completed surrender of the policies. The Trustee further reported that the $1,966.18 constituted the total amount available for distribution to creditors, and that no distributions had been made as of that date. On 22 February 1983, the Court issued a Discharge Order "relieving Debtor from all dischargeable debts." On 22 March 1983, the Court issued an "Order Authorizing Payment of Expenses, Compensation and Distribution of Funds," wherein the Court essentially authorized payment of administrative expenses by authorizing distribution of $709.00 of the moneys received by the surrender of the policies. On the same date, the Court also issued an "Order for Payment of Dividends" essentially authorizing distribution of the balance of the moneys received *pro rata* to allowed unsecured claims.

On 1 April 1983, Debtor filed the instant Motion requesting that the Court set aside the Order for Payment of Dividends, and also that the Court order the Trustee to distribute $800.00 of the moneys in his possession "pursuant to exemptions claimed on Schedule B–4 of $400.00 in other property pursuant to Ohio Revised Code Section 2329.66(A)(4a) and $400.00 in other property pursuant to Ohio Revised Section 2329.-66(A)(17)." Debtor essentially argues that the exemptions, "orally asserted" at a hearing on the allowance of certain claims held 11 March 1983, should be permitted as claimed in Schedule B–4 attached to Debtor's Petition. Debtor emphasizes that exemption provisions should be liberally construed in favor of a petitioning debtor.

The Trustee responds that no portion of the cash surrender value of Debtor's life insurance policies is claimed as exempt in Debtor's Schedule B–4. Furthermore, the Trustee contends that "the exemption was never specifically claimed in said property until the final meeting, and, if allowed, would possibly affect the computation of the Trustee's commission and would make it difficult to finalize cases, etc,"

The Court notes that, to date, Debtor has made no formal amendments to his Schedule B–4 as originally filed.

### DECISION AND ORDER

#### I

In order to claim property of the estate as exempt, a debtor within his discretion, must affirmatively assert an alleged claim of exemption as a matter of record. 11 U.S.C. § 522(b); Rule 403(a) of the Bankruptcy Rules of Procedure (hereinafter B.R.P.); *Bass v. Thacker,* 5 B.R. 592 (B.C.W.D. Virg.1980). If a claim of exemption is not asserted, such property remains property of the estate regardless whether the property might otherwise have been successfully exempted. 11 U.S.C. §§ 522(b) and 541.

A claim by a debtor that certain property is exempt from distribution to creditors may only be accomplished as a matter of record by the assertion of such claim in Schedule B–4, either by an initial filing or by amendment thereto. See Form No. 6 of the Interim Rules of Bankruptcy Procedure; and B.R.P. 108 and 110. A claim that property is exempt may not be orally asserted.

The initial question before the Court therefore is whether Debtor has properly claimed an exemption in the subject life insurance policies' cash surrender value by the filing with this Court of Debtor's Schedule B–4, as described above. It is the determination of the Court that Debtor has not, as a matter of record, effectively accomplished the assertion of a claim of exemption in the subject monies.

In this case, Debtor, as a matter of record, claimed $800.00 of cash *"in Petitioner's possession"* as exempt. For a claim of exemption to be successfully accomplished, such claim must be clearly asserted and the property claimed as exempt must be clearly described. It is not sufficient that an asserted claim put a trustee on notice that a claim may be assertable in property which may arguably be fungible with property actually claimed as exempt. The function of Schedule B–4 is to permit a trustee to ascertain, without any further substantial inquiry, those properties which a debtor believes to be exempt from distribution to creditors. If a debtor claims cash "in the debtor's possession" as exempt, the record speaks for itself; and the trustee should not be expected to guess that a claim of an exemption in cash "in the debtor's possession" was actually intended to be an exemption in cash to be obtained upon surrender of life insurance policies in the trustee's possession.*

#### II

In this case, for Debtor to assert successfully a claim of exemption in a portion of

---

* The instant case should be distinguished from a situation in which insurance proceeds are obtained because of a postpetition loss to duly scheduled asset of the estate which the debtor claims as exempt. See, for example, *Lewis v. Thompson,* 21 B.R. 282, 6 C.B.C.2d 1142 (Bkrtcy.M.D.Pa.1982).

the cash surrender value of the subject policies, Debtor would have to amend Debtor's Schedule B–4 accordingly. The basic question before the Court therefore is whether Debtor may timely amend his Schedules at this point in the administration of his case.

The pertinent rules regarding the timeliness of amendments to the list of property a debtor claims as exempt are B.R.P. 110 and 403. B.R.P. 110 provides that a debtor may amend his schedules "as a matter of course at any time before the case is closed." B.R.P. 403 provides, in pertinent part, as follows:

(b) Trustee's Report. The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies. If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney.

(c) Objections to Report. Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period. Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objections are by a creditor, to the bankrupt and his attorney. After hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.

Although the extent of any continued vitality of paragraphs (b) and (c) of B.R.P. 403 is uncertain since enactment of the Bankruptcy Code, this Court's local practice incorporates the fifteen day period for objections into this Court's routine local procedure. This procedure was explained to the instant parties in this Court's Order and Notice dated 5 April 1982, wherein the Court informed:

Unless the Court extends the time, any objection to the Debtors' claim of exempt property (schedule B–4) must be filed within 15 days after [the date of the first meeting of creditors held pursuant to 11 U.S.C. § 341].

Courts have widely diverged on the issue of the "deadline" for amending a debtor's list of property claimed as exempt. Some courts have interpreted B.R.P. 403(b) and (c) as imposing a fifteen day deadline from the date the original claims are filed for the filing of amendments to the list of property claimed as exempt. See, for example, In re Byrd, 22 B.R. 498 (Bkrtcy.E.D.Tenn.1982), (though determinations will be made "according to the facts of the particular case"); In re Brewer, 17 B.R. 186, B.L.D. ¶ 68,668 (Bkrtcy.M.D.Tenn.1982), aff'd, 22 B.R. 983 (D.C.M.D.Tenn.1982), (unless additional assets are discovered); and In re Cobb, 3 B.R. 150, 6 B.C.D. 9 (Bkrtcy.N.D.Cal.1980). Some courts have held that any court deadline for claiming property of the estate as exempt may nevertheless be enlarged pursuant to B.R.P. 906. See, for example, Crane v. Tambourine (In re Glenview Imports, Ltd.), 27 B.R. 496 (Bkrtcy.N.D.Ill. 1983); In re Edmonds, 27 B.R. 468 (Bkrtcy. M.D.Tenn.1983); In re Williams, 26 B.R. 741 (Bkrtcy.M.D.Tenn.1982); and Matter of Boyer, 7 B.R. 930, 7 B.C.D. 88 (Bkrtcy.D. Idaho 1981), (citing the language of B.R.P. 906, and also indicating that the court may order reimbursement of out-of-pocket expenses to the trustee). Some courts have determined that B.R.P. 403(b) and (c) have been, at least in part, superseded by the Bankruptcy Code. See, for example, In re Maxwell, 5 B.R. 58 (Bkrtcy.N.D.Ga.1980). Other courts, without addressing whether B.R.P. 403 has been superseded, "merely" indicate that B.R.P. 403 provides a deadline for filing objections to a debtor's claim for exemption, but, by its own terms, does not provide any deadline for amendments to the claim. See, for example, In re Alesia, 28 B.R. 46 (Bkrtcy.N.D.Ill.1982). Some courts instead indicate that, pursuant to B.R.P. 110, any amendments may be filed, subject to the intervening vesting of adverse interests, at any time prior to the closing of the case. Redmond v. Tuttle, 698 F.2d 414 (10th Cir.1983); In re Alesia, supra; Doss v.

CIT and Tower Loan of Miss., Inc. (In re Doss), 28 B.R. 206 (Bkrtcy.N.D.Miss., "proposed judgment" dated March 7, 1983); In re Calvin, 28 B.R. 52 (Bkrtcy.N.D.Ill.1982); Chrystler v. Geresy (In re Brock), 10 B.R. 67, 4 C.B.C.2d 436, B.L.D. ¶ 67,925 (Bkrtcy. W.D.Mich.1981); and In re Maxwell, supra. Other courts select the date of discharge as the deadline for amendments to the list of property claimed as exempt. See In re Stewart, 11 B.R. 447 (Bkrtcy.N.D.Ga.1981), (apparently by local "rule"). Those courts permitting amendments past the fifteen day period for objections after a debtor originally filed his claims, generally agree that any "belated" filing is subject to estoppel or laches principles. In re Calvin, supra; Matter of Kochell, 23 B.R. 191 (Bkrtcy. W.D.Wis.1982); In re McQueen, 21 B.R. 736 (Bkrtcy.D.Vt.1982); In re Snow, 21 B.R. 598 (Bkrtcy.E.D.Cal.1982); In re Tignor, 21 B.R. 219, 9 B.C.D. 285, B.L.D. ¶ 68,864 (Bkrtcy.E. D.Va.1982); Hanson v. Blint, 20 B.R. 982 (Bkrtcy.W.D.Wis.1982); In re Buck, 17 B.R. 168, 5 C.B.C.2d 1349 (Bkrtcy.D.Hawaii 1982); In re Stewart, supra; Chrystler v. Geresy (In re Brock), supra; In re Houck, 9 B.R. 460, 7 B.C.D. 486, 3 C.B.C.2d 956 (Bkrtcy.E.D.Mich.1981); and In re Maxwell, supra. The only obvious conclusion is that these cases do not admit to ready synthesis.

■ It is the determination of this Court that B.R.P. 403(b) and (c) do not operate as a bar to the filing of an amendment to the list of property claimed as exempt. The procedure established in B.R.P. 403(b) and (c) was intended to finalize claims of exemptions once asserted. B.R.P. 403, however, was not intended to bar future amendments to such claims. It is the opinion of this Court that, since the rules do not establish a clear deadline for amending the list of property claimed as exempt, such deadline should not be read into B.R.P. 403 since such finality is not required by the literal terms of B.R.P. 403, or by the circumstances of most cases. To the contrary, under the Bankruptcy Act, the filing of an amendment to the list of property claimed as exempt was intended to operate as a retriggering of the B.R.P. 403(b) and (c) procedure for objection to such amendment.

As stated in the Advisory Committee Note to B.R.P. 110,

A notice to the trustee is appropriate whenever the debtor amends his schedule of property. If additional property is claimed as exempt by the amendment, the trustee must act thereon in accordance with Rule 403. [2 Bankruptcy Rules: Collier Pamphlet Edition 38 (1981), as quoted in In re Alesia, supra, at 49.]

■ It is the further determination of the Court that the fifteen day periods in B.R.P. 403(b) and (c) for reporting and objecting thereto are superseded by 11 U.S.C. § 521(1) and 522(b) and (l). Instead, under the Bankruptcy Code the trustee is relieved of a duty to file a report pursuant to B.R.P. 403(b), and all interested parties, including the trustee, may instead object within fifteen days of the date of the first meeting of creditors, as provided in this Court's local practice contained in this Court's Order and Notice of 5 April 1982. The filing of an amendment may similarly be objected to in whatever manner is prescribed by local procedure or court order, and is not governed by B.R.P. 403(b) and (c).

■ The timeliness of amendments to claims of exempt property is therefore facially controlled by B.R.P. 110 which provides only an absolute cutoff date of the closing of a case for any amendments to a debtor's schedules. It is the opinion of the Court, however, that the Court should look at the particular circumstances of each case to determine whether the interests of adverse parties may have vested by prejudicial reliance or laches. Furthermore, of particular concern regarding determinations of claims that property of the estate is exempt is the concern that such belated determinations may impede a trustee's administration of the case and may indirectly impede the trustee's administration of his entire caseload. As a practical matter, amendments, unless asserted because of the discovery of new property, cannot be administered shortly before the closing of a case because theoretically all of the debtor's

**38**

property will likely have been administered. As a general rule, this Court will therefore interpret the granting of a discharge as a simultaneous vesting of the trustee's adverse interest to proceed with administration and distribution of nonexempt property. Under this rationale, as applied to the facts of the instant case, it is the determination of the Court that any amendments to Debtors' list of property claimed as exempt which are filed for the purpose of claiming an exemption in property known to exist at the time of Debtor's Petition filing would now be barred by the granting of Debtor's discharge on 22 February 1983.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Debtor's Motion is therefore DENIED.