**In re Jonathan DRAKE, Debtor.**

**Bankruptcy No. 883–31740–18.**

United States Bankruptcy Court,
E.D. New York.

May 10, 1984.

    Null & Null, Westbury, N.Y., for debtor.

Edward Zinker, Smithtown, N.Y., trustee.

## DECISION AND ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

On February 21, 1984, debtor, Jonathan Drake, was granted a discharge under 11 U.S.C. § 727(b). Thereafter, on March 12, 1984, debtor moved this court for an order authorizing the amendment of his schedule of property claimed as exempt to include (a) an anticipated tax refund in the amount of $300.00, and (b) $50.00 "cash in hand." The debtor has apprised the court that the trustee has no objection to the granting of debtor's motion, and in fact notified the debtor of the error in the schedule of exemptions. *See* Affirmation of Debtor.

This motion is governed by Bankruptcy Rule 1009, which substantially embodies its precursor, Rule 110. Rule 1009 provides:

Amendments of Voluntary Petitions, Lists, Schedules and Statements of Financial Affairs.

A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, the court may order any voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement to be amended and the clerk shall give notice of the amendment to entities designated by the court. The amendment shall be filed in the same number as required of the original.

Facially, this rule constitutes a blanket authorization to amend a debtor's schedules at any time prior to the close of a bankruptcy case.

The Court of Appeals for the Third Circuit has strictly construed predecessor Rule 110, and by implication current Rule 1009, in holding that under its mandate a court is without discretion to deny leave to amend or to require a showing of good cause. *In re Gershenbaum*, 598 F.2d 779, 5 B.C.D. 158 (3rd Cir.1979); *accord In re Griffin*, 1 B.R. 653 (Bkrtcy.M.D.Tenn. 1979); *In re Burgess*, 1 B.R. 421 (Bkrtcy. M.D.Tenn.1979); *see Redmond v. Tuttle*, 698 F.2d 414 (10th Cir.1983).

In *Redmond v. Tuttle*, 698 F.2d at 417, the Tenth Circuit held that § 522(g)(1) of the Bankruptcy Reform Act modifies a debtor's rights under prior Rule 110 (and, thus, under current Rule 1009) and, therefore, a debtor is precluded from amending his schedules to claim an exemption in property recovered by a trustee where the debtor concealed or voluntarily transferred such property. *Redmond* left open the question of whether there exist grounds other than those set forth in § 522(g)(1) upon which an interested party's objection would be sustained. *See* 698 F.2d at 417. By way of resolution of this issue, the *Redmond* court did no more than to cite to the case of *In re Doan*, 672 F.2d 831 (11th Cir.1982).

In *Doan*, the Eleventh Circuit concurred with the *Gershenbaum* court to the extent that it adopted the general rule that a court is without discretion to deny leave to amend or require good cause. However, *Doan* limited the general proposition by holding that a court may deny such a motion to amend upon a showing of prejudice to creditors or upon a showing that debtor had acted in bad faith. 672 F.2d at 833; *accord In re Andermahr*, 30 B.R. 532 (Bkrtcy.App. 9th Cir.1983); *In re McDonald*, 34 B.R. 842 (Bkrtcy.D.S.C.1983); *In re Calvin*, 28 B.R. 52 (Bkrtcy.N.D.Ill. 1982); *In re McQueen*, 21 B.R. 736 (Bkrtcy.D.Ver.1982); *In re Brock*, 10 B.R. 67, 4 C.B.C.2d 436 (Bkrtcy.W.D.Mich.1982).

The Eleventh Circuit in *Doan* further clarified its decision in determining that "simple delay in filing an amendment where ... the case is not closed does not alone prejudice creditors. Nor does prejudice to creditors occur merely because a

claimed exemption, if held timely, would be granted." 672 F.2d at 833, *accord* 34 B.R. at 844.

However, in *In re Elliott*, 31 B.R. 33 (Bkrtcy.S.D.Ohio 1983), the bankruptcy court found that prejudice to the trustee may occur if an application to amend a schedule of exemptions is made after a discharge is granted. The court reasoned that such a "belated ... [application] may impede a trustee's administration of the case," *id.* at 37, in light of the fact that the "granting of a discharge ... [constitutes] a simultaneous vesting of the trustee's adverse interest to proceed with administration and distribution of nonexempt property." *Id.* at 38.

The case of *In re Williams*, 26 B.R. 741 (Bkrtcy.M.D.Tenn.1982), is helpful in that it further clarifies the concept of prejudice to the trustee as articulated in *Elliott*. *Williams* stands for the proposition that in the event the debtor amends his schedule of exemptions subsequent to the time that the trustee has begun marshalling the property upon which the exemption is claimed, the trustee will not be properly compensated for his efforts. This conclusion was drawn from a reading of 11 U.S.C. § 326, which states that the trustee is entitled to no compensation for property ultimately distributed to the debtor. *Id.* at 744. If the trustee obtains possession of property under a reasonable expectation that he will be compensated for his efforts, a debtor should not be permitted to frustrate that expectation by the subsequent amendment of his exemption schedule.

■ While this court is in agreement with both *Elliott* and *Williams* that a trustee is a party in interest who may be prejudiced by the amendment of a debtor's schedule of exemptions, it disagrees that prejudice may be found *ipso facto* if a debtor seeks to amend such schedule after a date certain. *See Id.* at 744. Moreover, this court cannot conclude that prejudice is shown simply because a trustee has begun collecting an asset upon which an exemption is claimed, prior to an application to amend the scheduled exemption in such

asset. Prejudice must be evaluated in light of the specific circumstances of an individual case, *see In re Stewart*, 11 B.R. 447 (Bkrtcy.N.D.Ga.1981). For example, if there exists substantial equity in an asset exceeding debtor's amended claim of exemption, the fact that he is authorized to amend his claim of exemption will have little or no prejudicial effect on the trustee. The trustee will not be forced to expend additional effort in obtaining the exempt portion of the asset, where he seeks to obtain the remainder for the bankruptcy estate.

■ Returning to the facts of the instant case, and in light of the foregoing precepts of law, the court finds that there is no evidence of prejudice to a party in interest; nor is there evidence that the debtor has filed his amendment in bad faith. The court is impressed that the trustee's failure to object to the instant motion indicates that he would not be prejudiced by an order granting debtor's requested relief. Moreover, the facts of this case do not disclose any basis to conclude that creditors would suffer prejudice.

Accordingly, in the absence of objection by the trustee debtor's motion is in all respects granted.

It is SO ORDERED.