In re Nathanael HILL, Sr., aka Nate Hill, Sr., dba Best-In-Decorating, Mary Elizabeth Hill, aka Mary E. Hill, Mary Hill, Debtors.

Michael J. IANNACONE, Trustee, Plaintiff,

v.

Nathanel HILL, Sr., aka Nate Hill, Sr., dba Best-In-Decorating, Mary Elizabeth Hill, aka Mary E. Hill, Mary Hill, Defendants.

Bankruptcy No. 3–83–756.
Adv. No. 3–83–506.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

May 24, 1984.

Michael Iannacone, trustee, pro se.

Douglas Shrewsbury, Minneapolis, Minn., for debtors.

## MEMORANDUM ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the Court on the motions of the debtors for an order allowing them to amend their B–4 bankruptcy schedule of exemptions and for an order dismissing the trustee's complaint in the above-captioned adversary proceeding. The trustee, in the adversary proceeding, seeks an order authorizing the sale of certain real property, the debtors' homestead which was claimed only partially exempt by the debtors, free and clear of the interest of the debtors with any interest to attach to the proceeds.

Based on the file and arguments of counsel, the Court makes the following order pursuant to the Rules of Bankruptcy Procedure.

## I

The debtors filed a joint voluntary Chapter 7 bankruptcy petition on April 29, 1983. On their B–4 bankruptcy schedules Nathanael Hill elected the federal exemptions and Mary Hill claimed the state exemptions. The exemptions subsequently objected to by the trustee were claimed as follows:

| | |
|---|---|
| Homestead | H – 11 U.S.C. 522(d)(1) |
| | W – M.S.A. 510.01, 510.02 |
| Cash on hand | H – 11 U.S.C. 522(d)(1) |
| | W – M.S.A. 571.55 |
| Contingent and unliq- | H – 11 U.S.C. 522(d)(1) |
| uidated claims | and (d)(5) |
| | W – M.S.A. 571.55 |
| | H – 11 U.S.C. 522(d)(1) |
| 1982 tax refund | W – M.S.A. 571.55 |

Prior to the first meeting of creditors which was held May 31, 1983 the trustee filed written objections to the claimed exemptions. The trustee's objections stated, inter alia:

a. Debtor Nathanael Hill (husband) has claimed the federal exemptions and Debtor Mary Hill (wife) has claimed the state exemptions. This is prohibited by M.S.A. § 550.371. In the event M.S.A. § 550.-371 is unconstitutional, husband has a one-half interest the homestead and can only exempt $7,900.00. Husband's interest is worth $19,000.00. Therefore, the estate has an $11,100.00 interest in husband's one-half interest in the homestead.

b. Cash on hand is not exempt by wife and husband has exhausted his 522(d)(1) and (5) exemption of $7,900.00.

c. There is no state exemption available to wife for contingent and unliquidated claims. Section 571.55 does not apply. Husband has exhausted his § 522(d)(1) and (5) dollar amount.

d. There is no state exemption available to wife to exempt 1982 and 1983 income tax refunds. Husband has exhausted the dollar amount available under § 522(d)(1) and (5).

The debtors failed to respond to the trustee's objections.

On October 27, 1983 the trustee wrote a letter to the debtors demanding a turnover of the non-exempt property to which the trustee had objected. On November 14, 1983 the debtors consulted their attorney regarding the trustee's demand. The debtors' counsel took no action to amend the schedules nor did he file any motion for determination of exempt property (which at that point was time barred under Rule 5 of the General Order in Bankruptcy which requires that the motion be filed within 15 days after the objection is filed.) On December 2, 1983 the trustee initiated an adversary proceeding against the debtors for their failure to comply with his demand for turnover. The trustee's complaint sought an order allowing the trustee to sell the property free and clear of all interests with any interest attaching to the proceeds of the sale. The summons and complaint were served on the debtors on December 19, 1983. On January 20, 1984 the debtors filed their answer along with their amended B–4 exemption schedule.

On February 1, 1984 the debtors filed a motion for an order allowing their exemptions amendment. On February 3, 1984 the trustee again filed objections to the debtors' amended B–4 exemption schedules alleging, inter alia, there was no statutory authority for the claims.

## II

Rule 5 of the General Order in Bankruptcy issued for the District of Minnesota on December 30, 1980 provides:

An objection to a claim of property claimed as exempt shall be filed within 15 days after the first date scheduled for the meeting of creditors or the date the exemption claim was filed, whichever is later. An objection timely filed *shall be* deemed a determination by the Court that such property *is not exempt,* unless the debtor files a motion for relief and determination by the Court within *15 days after* the objection *was filed.* The Court, for cause shown and in the interest of justice, may at any time order such period enlarged and prescribe conditions,

if any, for such enlargement. (emphasis added.)

In this case there is no question that the trustee filed timely objections to the claimed exemptions and the debtors failed to file a motion within 15 days as required by the rule. The trustee argues that this rule necessarily precludes the debtors from amending their exemption schedules after that date. A strict application of the rule supports the trustee's position.

However, Bankruptcy Rule 1009 states: A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or a Chapter 13 statement, may be amended by the debtor *as a matter of course at any time* before the case is closed.

This federal bankruptcy rule supercedes any local rule to the extent they are inconsistent. See, e.g., *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir.1984) and *Doan v. Hudgins*, 672 F.2d 831 (11th Cir.1982). The clear mandate of the rule is to allow debtors the right to amend their bankruptcy petition freely to the extent it does not prejudice creditors. See, e.g., *In re Doan*, supra; and *In re Alesia*, 28 B.R. 46 (Bkrtcy.Ill.1982). Therefore, the debtors in this case may amend their B–4 bankruptcy schedule to properly claim the subject real estate exempt.

## III

■ The trustee, however, is not without recourse in this action. The trustee repeatedly and timely made objections to the exemptions, instructed debtors' counsel of the error, and finally was forced into initiating an adversary proceeding against the debtors in order to fulfill his fiduciary obligation to all the creditors to recover all assets of the estate. The debtors' counsel admitted that he was negligent and exercised poor judgment in attempting to "split" the exemption between state and federal. See, Tr. p. 6, 7, and 13; and Debtor's Memorandum of Law, p. 5, 6, and 9. The result of counsel's acts in this case almost resulted in the debtors losing their homestead and did result in the trustee expending numerous hours in attempting to recover an asset for this otherwise no-asset estate.

Bankruptcy Rule 9011 gives the Court the ability, on its own motion, to impose an appropriate sanction on a party for submitting a document to the Court which was not based on a *reasonable inquiry* and warranted by existing law; the sanction may include an order to pay the amount of reasonable expenses incurred including a reasonable attorney's fee. In addition, 28 U.S.C. 1927 authorizes the imposition of costs and attorney's fees upon an attorney who multiplies proceedings unreasonably and vexatiously. In this case the Court finds that an appropriate sanction against Hyatt Legal Services is to require it to reimburse the trustee the reasonable value of his attorney's fees and expenses. The Court finds that amount to be $1,000.00. The trustee was forced to initiate an adversary proceeding, i.e., draft a complaint, spend time before the Court to defend the complaint, and file a well-drafted, detailed, legal memorandum. The trustee is entitled to be compensated adequately for pursuing the matter. See, *Van Berkel v. Fox Farm and Road Machinery*, 581 F.Supp. 1248 (Mn.1984); *In re Calvin*, 28 B.R. 52 (Bkrtcy.Ill.1982); and *In re Burgess*, 1 B.R. 421 (Bkrtcy.M.D.Tenn.1979).

THEREFORE, IT IS ORDERED:

1. The debtors amend their B–4 bankruptcy schedules forthwith to properly claim their homestead as exempt;

2. Hyatt Legal Services, as attorneys for the debtors, is SANCTIONED and ordered personally to pay the trustee's costs, expenses, and attorney's fees occasioned by such conduct, which the Court finds to be $1,000.00.