In re Marvin L. SPRING, Sr., Jenny M. Spring, Debtors.

Bankruptcy No. 89–00634–NT.

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

June 20, 1989.

Alison M. Bradner, Norfolk, Va., for trustee.

Ellen C. Carlson, Portsmouth, Va., for debtors.

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The trustee in this chapter 7 case objects to the debtors' claim of a homestead exemption in a federal tax refund in the amount of $8,687.00. Hearing on the objection was held on June 8, 1989.

The facts are essentially undisputed.

The debtors filed their chapter 7 petition on February 17, 1989. On February 23, 1989, the debtors filed in the appropriate Virginia state court a homestead deed in which was contained a claim of exemption for a refund of 1987 federal income tax in the amount of $1.00. At the time this homestead deed was filed, the debtors had not yet prepared their 1987 federal return.

Subsequently,. the debtors' 1987 federal income tax return was completed and filed. The return reflected a refund due debtors in the amount of $19,277.00.

On April 7, 1989, after their return was prepared, debtors filed an amended homestead deed increasing their exemption claim for 1987 federal income tax refund from $1.00 to the sum of $8,687.00. The balance of the refund is an asset of the debtors' chapter 7 estate.

The trustee's objection to the exemption claimed under the amended homestead deed. was filed on May 9, 1989. The basis for the trustee's objection is stated as follows:

> (5) The Debtors knew or should have known the correct value of that property prior to filing of the Homestead Deed on February 23, 1989, and so should not be permitted to amend the exemption at this time to the detriment of the creditors.[1]

In support of his objection to the exemption, the trustee relies upon *In re Drake,* 39 B.R. 75 (Bankr.E.D.N.Y.1984), in which the court discussed possible limitations on a debtor's ability to amend bankruptcy schedules upon a showing of prejudice to creditors or to the trustee or that the debtor had acted in bad faith. While this Court does not disagree with that general proposition, none of the circumstances discussed in *Drake* have been demonstrated as bearing on the instant case.

Typically, chapter 7 debtors in Virginia estimate their homestead exemptions for income tax refunds where the amount of refund is not yet known at the time the homestead deed must be filed. They must do this, in fact, in order to preserve their exemption. Under the applicable Virginia exemption law, a timely filed homestead deed may be amended by debtors in a bankruptcy case to increase the amount of exemption for items which were included in the original. *Homeowner's Finance Corp.*

---

1. It was not revealed at the hearing whether the debtors have actually amended Schedule B–4 of their petition to reflect the additional exemption. The exemption must be reflected in the debtors' schedules.

736

*v. Pennington (In re Pennington)*, 47 B.R. 322 (Bankr.E.D.Va.1985); Va.Code Ann., § 34–17 (1988 Cum.Supp.) There is little room for prejudice in this procedure since the trustee has early notice that an adjustment may be made to the claim of homestead exemption. It is to be expected that the homestead deed will be promptly amended when the debtor has all necessary information to complete the claim of exemption.

The debtors' amended homestead deed to which the trustee here objects was filed within approximately one and one-half months after the original estimated homestead deed. Of course, the creditors and trustee may be said to have been prejudiced by their loss of the debtors' exempted refund just as with any valuable property exempted by any debtor. However, it would have made no difference in the administration of this case whether the debtors' exemption was perfected on February 23 or April 7, 1989. No evidence or argument presented is remotely suggestive of bad faith or the type of prejudice which the Court would consider for basing a denial of the claimed exemption.

The trustee's objection to the debtors' claim of exemptions is denied.

